UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASE NO.: WDQ-08-086

RONNIE THOMAS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

### MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255

COMES NOW, Ronnie Thomas ("Petitioner") pro-se, in the above styled cause, respectfully files this memorandum which the Petitioner submits in support of his grounds for relief, filed in his motion to vacate, set aside or correct sentence pursuant to Title 28 U.S.C. §2255, because his convictions and sentences is in violation of the Constitution and/or laws of the United States, or is otherwise subject to collateral attack. Petitioner ask this Honorable Court to construe his pleadings in a more liberal manner than those drafted by professional attorneys. See HAINES v. KERNER, 404 U.S. 519, 520 (1972).

### JURISDICTION

This Court has jurisdiction pursuant to Title 28 U.S.C. §2255 as Petitioner is serving a term of imprisonment imposed by this Court.

### TIMELINESS

In the Anti-Terrorism Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one year period of limitations for motion under Title 28 U.S.C. §2255 running from the date on which the judgment of conviction became final. A judgment becomes

-1-

final on the date the Supreme Court affirms the petitioner's conviction or denies a petition for certiorari, or when the time for filing a petition for certiorari expires. See **CLAY v. UNITED STATES**, 537 U.S. 522, 525 (2003).

In Petitioner's case, the Fourth Circuit Court of Appeals affirmed his conviction and sentence on July 20, 2012. Petitioner did not file for certiorari to the Supreme Court. Thus, Petitioner's conviction became final on October 18, 2012, when the 90 day period for the filing of a timely certiorari petition had expired. Thereby, Petitioner's §2255 motion is timely, because it is being filed within one year from October 18, 2012, the date Petitioner's conviction became final. See **UNITED STATES v. SERERS**, 271 F.3d 181, 186 (4th Cir. 2001).

**PROCEDURAL HISTORY**

On or about February 27, 2008, a federal grand jury in the District of Maryland returned a Indictment against the Petitioner and several alleged co-defendants. The Indictment charged the Petitioner with violating the Racketeer Influence and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. §1962(d), by conspiring to participate in a racketeering enterprise ("RICO Conspiracy") (Count One).

On or about January 19, 2010, Petitioner proceeded to a trial by jury. After several days of trial, the jury found him guilty, as charged.

On or about June 25, 2010, the District Court sentenced Petitioner to a term of 235 months of imprisonment as to Count One of the Indictment.

The District Court entered final judgment on Petitioner on June 28, 2010, and Petitioner filed a timely Notice of Appeal on June 29, 2010. The Fourth Circuit Court of Appeals, affirmed Petitioner's conviction and sentence on July 20, 2012. Thus, this timely §2255 petition ensued.

## APPLICABLE LEGAL PRINCIPLES

The Sixth Amendment guarantee: "In all criminal prosecution the accused shall enjoy the right... to have the assistance of counsel for this defense." The right to the assistance of counsel means the right to effective assistance of counsel. See STRICKLAND v. WASHINGTON, 466 U.S. 668, 685-86 (1984).

A criminal defendant has the right to the effective assistance of counsel at all critical stages of the proceedings against him, or when his substantial rights may be affected. See ESTELLE v. SMITH, 68 L.Ed 2d 359 (1981); also, KIRBY v. ILLINOIS, 32 L.Ed 2d 411 (1972); and MEMPA v. RHAY, 19 L.Ed 2d 336 (1967). A stage is critical where the defendant is "confronted by the legal system in that he has legal related choices before him... and could profit from the expert advise of counsel." ESTELLE v. SMITH, 68 L.Ed 2d at 376. Critical stages include pretrial motions, plea negotiations, trial, sentencing and direct appeal. See KIMMELMAN v. MORRISON, 477 U.S. 365 (1986).

To warrant relief under Section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. See BRECHT v. ABRAHANSON, 507 U.S. 619, 637 (1993). Relief is warranted only where a

petitioner has shown "a fundamental defect which inherently results in a miscarriage of justice." See <u>DAVIS v. UNITED STATES</u>, 477 U.S. 333, 346 (1974). Claims of ineffective assistance of counsel are appropriately brought by filing a motion under Section 2255.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. See <u>STRICKLAND</u>, 466 U.S. at 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>..

The <u>STRICKLAND</u> standard applies to guilty pleas as well. See <u>HILL v. LOCKHART</u>, 474 U.S. 52, 57 (1985). In the context of guilty pleas, the first half of the <u>STRICKLAND</u> test is nothing more than a restatement of the standard of attorney competence... The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Id. at 58-59.

## GROUND ONE

PETITIONER'S COUNSEL WAS INEFFECTIVE, PRETRIAL, WHERE COUNSEL MISADVISED PETITIONER AS TO THE TERMS AND SENTENCING EXPOSURE, PURSUANT TO THE GOVERNMENT'S PLEA AGREEMENT, THUS, DENYING PETITIONER'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

In assessing counsel's performance in advising a defendant on a plea agreement, "the Fourth Circuit has held that the professional norms surrounding plea negotiations require defense counsel to do the following: (1) notify the client of a plea offer; (2) advise the client of the option to proceed to trial; (3) present the client with the probable outcome of both the guilt and sentencing phases of each alternative; and (4) permit the client to make the ultimate decision." See JONES v. MURRAY, 947 F.2d 1106, 1110-11 (4th Cir. 1991).

In evaluating an ineffective assistance of counsel claim, courts must recognize the "difference between a bad prediction within an accurate description of the law and gross misinformation about the law." See UNITED STATES v. LEWIS, 477 F.App'x 79, 82 (4th Cir. 2012). In LEWIS, the court found that the petitioner's counsel was ineffective when counsel failed to "simply read the applicable federal statutes and correctly apply them to the facts" of the case. Id.

Here, in the instant case, Petitioner recognized the overwhelming evidence against him (cooperating co-defendants), he asked his counsel to seek a plea deal from the Government (without cooperation). The Government extended a plea offer to Petitioner (See Exhibit "A" attached). Because Petitioner had witnessed the Government offer other inmates plea deals for either

10-15 years, however, the inmates ended up receiving a sentence of 30-40 years, due to there prior convictions, thus, Petitioner asked his counsel whether or not he would receive the 96 month sentence, pursuant to the Government's agreement, or a sentence higher, because of his prior convictions, as other inmates had received.

Counsel advised Petitioner that if he was to plead guilty pursuant to the Government's plea agreement, the 96 months recommendation or request by the Government would not be binding on the Court. Further, advising Petitioner that the judge could sentence Petitioner to as much as 151-188 months, based on his status as a career offender,[1] or up to 240 months the statutory maximum for his charged offense, regardless of the Government's recommendation or request for a 96 month sentence. Thereby, based on counsel's advise, Petitioner rejected the Government's plea offer, and proceed to trial, where he was found guilty and received a 235 month sentence.

However, post trial Petitioner learned through independent research that the Government's plea offer of 96 months was contractual and the provision from the Guidelines would have no effect, pursuant to Rule 11(c)(1)(C). See e.g. **UNITED STATES v. CIELOWSKI**, 410 F.3d 353, 364 (7th Cir. 2005) (stating that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines.").

---

1. It should be noted that counsel misadvised Petitioner as to his status as a career offender, at the time of Petitioner plea negotiations. Where Petitioner's prior conviction for Assault 2nd Degree (Case Number 103062013) was uncounseled (See Exhibit "B" attached), and thereby, could not be used to enhance Petitioner's sentence. See **BURGEIT v. TEXAS**, 389 U.S. 109 (1967) (a conviction that violates the Sixth Amendment right to counsel cannot be used to enhance punishment for another offense.").

Moreover, the Government's recommendation or request that Petitioner receive a 96 months sentence, pursuant to Rule 11(c)(1)(C), binds the Court to sentence Petitioner to the 96 months, once the Court accepts the plea agreement.

Here, Petitioner asserts that his counsel's failure to correctly explain the terms of Government's plea agreement, denied Petitioner effective assistance of counsel. Specifically, asserting that counsel was ineffective for failure to explain Rule 11(c)(1)(C), in relation to the Government's plea agreement and/or Petitioner's sentence, which was "knowing knowledge." See **STRADER v. GARRISON**, 611 F.2d 61, 63 (4th Cir. 1979) (differentiating between a prediction which was not realized and constitutionally ineffective counsel who failed to discover the applicable rule).

Therefore, counsel's misadvice during the plea negotiation process was objectively unreasonable. See **STRICKLAND**, 466 U.S. at 688 (noting that defense counsel must "'inform [] himself... fully on the facts and the law'" applicable to his client's case). And significantly, the misadvice counsel provided to Petitioner in the instance was not only material, it was indeed central to Petitioner's decision whether to accept the Government's plea offer or instead proceed to trial. Thereby, Petitioner has met the first prong of the **STRICKLAND/HILL** analysis with respect to his claim that trial counsel rendered ineffective assistance of counsel during the plea negotiation and pretrial proceedings.

However, that does not end the analysis, for Petitioner must also establish that he was prejudiced by counsel's objectively unreasonable performance. In the plea context, the prejudice prong of the analysis "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." HILL, 474 U.S. at 59. Thus, a petitioner can satisfy the prejudice requirement by establishing, for example, "that there is a reasonable probability that, but for counsel's deficient performance, there is a reasonable probability that he would have entered into a plea agreement rather than proceed to trial. See, e.g. GRIFFIN v. UNITED STATES, 330 F.3d 733, 736 (6th Cir. 2003)(recognizing that "[t]he second element of the STRICKLAND test in the plea offer context is that there is a reasonable probability the petitioner would have pleaded guilty given competent advice"). For purpose of this analysis, "a reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." STRICKLAND, 466 U.S. at 694.

The Fourth Circuit has recognized that "[a]lthough [the HILL prejudice analysis] focuses the inquiry on the subjective question, the answer to that question [in the plea context] must be reached through an objective analysis." HOOPER v. GARRAGHTY, 845 F.2d 471, 475 (4th Cir. 1988); see also, OSTRANDER v. GREEEN, 46 F.3d 347, 355 n.12 (4th Cir. 1995) (noting that "[o]bjective analysis of the prejudice prong is probably the only workable means of applying HILL"). Thus, to meet the STRICKLAND/HILL prejudice requirement, a petitioner must establish through

objective evidence that there is a reasonable probability that, but for counsel's advice, he would have accepted the plea.

Objective factors relevant to the prejudice analysis include, for example, "the potential strength of the [government's] case... as a reasonable defendant would surely take [that] into account in deciding whether to accept a plea offer or proceed to trial." See **OSTRANDER**, 46 F.3d at 356. Additionally, and most significantly here, disparity between the government's plea offer and a petitioner's sentencing exposure if convicted at trial has been recognized as "strong [objective] evidence of a reasonable probability that a properly advised defendant would have accepted a guilty plea offer, [even] despite earlier protestations of innocence." See **SMITH v. UNITED STATES**, 348 F.3d 545, 552 (6th Cir. 2003).

Here, there is ample objective evidence establishing a reasonable probability that Petitioner would have accepted the Government's plea offer ( See Exhibit "A"), had he received complete and accurate advice from counsel. To be sure, the Government's evidence of guilt against Petitioner on Count One RICO conspiracy was overwhelming. See Sentencing Transcripts where counsel admits there was sufficient evidence of Petitioner's guilt [DE #1178:2-4]; see also, **OSTRANDER**, 46 F.3d at 356 (recognizing that "the potential strength of the [government's] case" is an objective factor relevant to the prejudice analysis).

But here, the most compelling objective evidence in the prejudice analysis is the significant-- indeed striking-- disparity between the Government's plea offer and Petitioner's

sentencing exposure were he to be convicted at trial. Specifically, had Petitioner accepted the Government's plea offer of 96 months, pursuant to Rule 11(c)(1)(C), his sentence would have been remarkably lower than the 235 months sentence Petitioner received following trial. See **SMITH**, 348 F.3d at 552 (noting that a disparity in a petitioner's sentencing exposure is "strong **[objective] evidence** of a reasonable probability that a properly advised defendant would have accepted a guilty plea offer").

In sum, Petitioner has met the two-part **STRICKLAND/HILL** ineffective assistance of counsel standard by establishing (i) that trial counsel's advice during the plea negotiation process was objectively unreasonable and (ii) that there is a reasonable probability, based on ample objective evidence, that Petitioner would have accepted the Government's plea offer rather than proceed to trial had he received competent advice from trial counsel during the plea negotiation process. See **GRIFFIN**, 330 F.3d at 736 (recognizing that "[t]he second element of the **STRICKLAND** test in the plea offer context is that there is a reasonable probability the petitioner would have pleaded guilty given competent advice.").

In other words, had trial counsel rendered clear and accurate advice to Petitioner during the plea negotiations process--including specifically that, once the judge accepted Petitioner's guilty plea, pursuant to the Government's plea offer, the Court was requirement to sentence Petitioner to a sentence of 96 months, pursuant to Rule 11(c)(1)(C), thus, there is a reasonable probability that Petitioner would have accepted the Government's

plea offer rather than proceed to trial. Thereby, Petitioner's §2255 motion must therefore be granted as to this claim.

## CONCLUSION

**WHEREFORE**, based upon the foregoing reasons, assertions, argument, and applicable citations of authority in support of Petitioner's claim, Petitioner respectfully asks that this Court grant him the relief sought herein and (a) vacate his conviction and sentence, pursuant to §2255, and/or (b) grant the Petitioner an evidentiary hearing, should the Court find that more inquiry is necessary to develope and grant Petitioner's claim, or give Petitioner any relief this Court deems just and proper, if any be at law.

Respectfully Submitted,

_____
RONNIE THOMAS   PRO-SE

## DECLARATION OF DEPOSIT

I hereby verify and affirm under the penalty of perjury, pursuant to Title 28 U.S.C. §1746, that Petitioner's Memorandum In Support of his §2255 motion, which pursuant to <u>HOUSTON v. LACK</u>, 487 U.S. 266 (1988), is deemed to be filed at the time it was delivered to prison authority for forwarding to the court. I placed the above reference material in a sealed envelope with First Class Postage affixed, addressed to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201

and deposited the envelope in the proper prison authority's hand to be delivered for collection and mailed via the U.S. Postal Service on this 18th day of October, 2013.

Respectfully Submitted,

*Ronnie Thomas*
RONNIE THOMAS   PRO-SE